# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL ACTION NO. 1:14-CV-294-GCM-DCK

| | |
|---|---|
| FRANKLIN P. CHAPMAN, JR., | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 10) and "Defendant's Motion For Summary Judgment" (Document No. 14). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be denied; that "Defendant's Motion For Summary Judgment" be denied; and that the Commissioner's decision be vacated.

## I. BACKGROUND

Plaintiff Franklin P. Chapman, Jr. ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On January 5, 2011, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning August 1, 2005. (Transcript of the Record of Proceedings ("Tr.") 11, 165-169, 169-174). The Commissioner of Social

Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on July 8, 2011, and again after reconsideration on December 21, 2011. (Tr. 11, 102-105, 112-113). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. We realize that your condition keeps you from doing some types of work, but it does not keep you from doing less demanding work. Based on your age, education, and past work experience, you can do other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 112).

Plaintiff filed a timely written request for a hearing on February 2, 2012. (Tr. 11, 122-124). On May 1, 2013, Plaintiff appeared and testified at a hearing before Administrative Law Judge Thaddeus J. Hess ("ALJ"). (Tr. 11, 26-49). In addition, Maria Vargas, a vocational expert ("VE"), and Brenda S. Mclain, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on June 14, 2013, denying Plaintiff's claim. (Tr. 8-19). Plaintiff filed a request for review of the ALJ's decision on August 13, 2013, which was denied by the Appeals Council on September 13, 2014. (Tr. 1-3, 7). The June 14, 2013 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on November 11, 2014. (Document No. 1). On December 1, 2014, the undersigned was assigned to this case as the referral Magistrate Judge. Plaintiff's "Motion For Summary Judgment" (Document No. 10) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment"

(Document No. 11) were filed March 30, 2015; and "Defendant's Motion For Summary Judgment" (Document No. 14) and "Memorandum Of Law In Support Of Defendant's Motion For Summary Judgment" (Document No. 15) were filed June 25, 2015. Plaintiff declined to file a response/reply in further support of his motion.

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability

determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between September 20, 2010, the date the application was filed, and the date of the ALJ's decision.[1] (Tr. 11, 18-19). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 19).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since September 20, 2010, his application date. (Tr. 13). At the second step, the ALJ found that cervical spine degenerative disc disease; hepatitis C; status post fractures of the right elbow, right ankle, and left clavicle; bipolar disorder; and anxiety disorder, were severe impairments.[2] (Tr. 13). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 13).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform sedentary work activity, with the following limitations:

> claimant can never climb ladders, ropes, and scaffolds; but can occasionally climb ramps and stairs. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to temperature extremes of heat and cold and

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

> vibrations. The claimant is limited to simple routine repetitive tasks
> with only occasional interaction with the general public.

(Tr. 15). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform his past relevant work as an electrician or carpenter. (Tr. 17). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 18). Specifically, the VE testified that according to the factors given by the ALJ, occupations Plaintiff could perform included surveillance system monitor and check weigher. (Tr. 18). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, between September 20, 2010 and June 14, 2013. (Tr. 18).

Plaintiff on appeal to this Court makes the following assignments of error: (1) mechanically applied age categories; (2) failure to properly determine Chapman's mental RFC; (3) failure to consider, discuss, and weigh GAF scores; and (4) failure to properly weigh Sue Brown, NP's opinions. (Document No. 11, p.2).

After careful consideration of all the arguments, the undersigned agrees with Plaintiff that the holding in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015) "is directly on point in the present case." (Document No. 11, p.15). As in Mascio, the ALJ here determined that "with regard to concentration, persistence or pace, the claimant has moderate difficulties." (Tr. 14); Mascio, 780 F.3d at 638. Also like Mascio, the ALJ's RFC finding here limited Plaintiff to "simple routine

6

repetitive tasks," but did not make any finding as to Plaintiff's ability to stay on task. (Tr. 15, 47); Mascio, 780 F.3d at 638. Under these circumstances, the Fourth Circuit has opined as follows:

> we agree with other circuits that an ALJ does not account "for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir.2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

Mascio, 780 F.3d at 638.

In short, the undersigned agrees with Plaintiff that a full explanation as to Chapman's moderate difficulties in maintaining concentration, persistence, or pace, and its effect on his ability to stay on task is necessary. (Document No. 11, p.15) (citing Mascio, 780 F.3d at 638).

Based on the foregoing, the undersigned finds there is sufficient cause to recommend remand of this matter for further consideration. However, the undersigned notes that Plaintiff's other alleged errors also seem to raise legitimate concerns that should be reviewed on remand.

In addition, the undersigned observes inconsistencies between the ALJ's decision and the evidence that may need to be addressed in a subsequent ALJ decision. For example, the ALJ stated that "[t]here is **no indication in the record** that claimant has more than a mild limitation in activities of daily living," based on a June 2008 report that Plaintiff "reported very active activities … included living alone with his 5-year old daughter, providing for her needs, using the computer, attending community college and doing well in his subjects, cooking, cleaning, moping, vacuuming, and laundering." (Tr. 14) (emphasis added). In stark contrast to this finding in the ALJ decision, Plaintiff testified at the hearing in May 2013 that: his daughter stays with his aunt; he is "pretty much always at home;" he sometimes goes a week without bathing; he lays around

7

in his pajamas and eats once a day; he has not vacuumed or swept in a year or so; and his mom brings him groceries and does his laundry. (Tr. 31, 39, 40, 42-43). Without explanation, the ALJ appears to rely on reported activities of daily living from a time prior to the time period under consideration, and that are significantly different from Plaintiff's more recent testimony.

The undersigned also notes that the ALJ seems to determine that Plaintiff's "COPD and fibromyalgia impairments are nonsevere" because "[t]here is no evidence in the record of claim requiring hospitalization, **emergency room treatments**, or making unscheduled office visits for breathing impairment . . . ." (Tr. 13) (emphasis added). Contrary to that finding, the record indicates that Plaintiff visited the **emergency room** at Cleveland Regional Medical Center on August 14, 2012, and was diagnosed with bronchitis and chest pain. (Tr. 870). Moreover, Plaintiff's wheezing improved and he felt "better after some **breathing treatments**." Id. (Emphasis added).

Finally, the undersigned observes that the medical records show a long history of alcohol and drug abuse, including many positive tests for marijuana, but it is unclear how or if the ALJ considered such substance abuse in his findings. See (Tr. 607-609, 701, 717-718, 757, 764-765, 874, 880).

Although the ALJ's conclusion that Plaintiff is not disabled may ultimately be correct, based on Plaintiff's arguments, and the undersigned's review of the ALJ decision and the record, there appears to be sufficient cause to remand this matter to an ALJ for a full review of the record and further consideration.

### IV. CONCLUSION

The undersigned finds that the ALJ's determination lacks substantial evidence supporting the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v.

Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be vacated.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 10) be **DENIED**; "Defendant's Motion For Summary Judgment" (Document No. 14) be **DENIED;** and the Commissioner's determination be **VACATED** and this matter be **REMANDED** for a new hearing and further consideration.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: February 29, 2016

David C. Keesler
United States Magistrate Judge